UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GREGG A. SPINDLER AND SUSAN SPINDLER,
D/B/A SGS STATISTICAL SERVICES,

                                              Plaintiffs,

v.                                                                                         5:15-CV-00779
                                                                                                      (TWD)

VIRGINIA ELECTRIC AND POWER COMPANY,
D/B/A DOMINION VIRGINIA POWER; AND NORTH
AMERICAN TRANSMISSION FORUM, INC.,

                                              Defendants.

---

## SUPPLEMENTAL JURY INSTRUCTION
## REGARDING PUNITIVE DAMAGES

Now that you have determined that Plaintiff SGS is entitled to recover punitive damages, you must next determine the amount of punitive damages. This amount would be in addition to the compensatory damages you have previously awarded. The purpose of punitive damages is not to compensate Plaintiff SGS but to punish Defendant NATF for wanton and malicious acts. Punitive damages are appropriate only for shocking and offensive misconduct.

The awarding of punitive damages is within your discretion – you are not required to award them. You should impose punitive damages only if you conclude that monetary liability beyond your award of compensatory damages is

necessary to accomplish punishment and deterrence. You should not award punitive damages if you conclude that those purposes will be satisfied by Defendant NATF's compensatory liability.

In determining punitive damages you should consider the following:

The nature and reprehensibility of what Defendant NATF did. That would include the character of the wrongdoing; whether Plaintiffs were vulnerable; how long the conduct went on; NATF's awareness of what harm the conduct caused or was likely to cause; any concealment or covering up of the wrongdoing; whether Defendant's conduct demonstrated an indifference to or reckless disregard of the health, safety, or rights of others; whether the acts were done with an improper motive or vindictiveness; whether the acts constituted outrageous or oppressive intentional misconduct; Defendant's awareness of what harm the conduct caused or was likely to cause; how often Defendant had committed similar acts of this type in the past; the actual and potential harm created by NATF's conduct; and the financial resources of NATF and the impact any punitive damages award will have on NATF.

The amount of punitive damages you award must be both reasonable and not disproportionate to the actual or potential harm suffered by the Plaintiffs and to the compensatory damages you awarded to Plaintiffs. You must use sound reasoning in setting the amount – it must not reflect bias, prejudice, or sympathy of any part.

You may punish Defendant NATF only for the specific conduct of the Defendant that was the basis for your finding that punitive damages are warranted. The amount should be no more than you find necessary to deter Defendant from engaging in such conduct in the future.

I want to remind you that your job as jurors is to reach a fair conclusion from the law and evidence. Your verdict on the amount of punitive damages against NATF must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict on punitive damages must be unanimous.

When you are in the jury room, listen to each other, and discuss the evidence and issues. It is the duty of each of you, as jurors, to consult with each other. You must deliberate with a view to reaching an agreement, but only if you can do so without violating your individual judgment and conscience. Do not surrender your honest convictions just for the purpose of returning a verdict with regard to punitive damages. On the other hand, do not hesitate to re-examine your views.

Should you desire to communicate with the Court during your deliberations on punitive damages, please put your message or question in writing. The foreperson should sign the note and pass it to the court security

3

officer who will bring it to my attention. I will then respond, either in writing or orally, by having you returned to the courtroom. In any communications with the Court, you should never, under any circumstances, inform me as to where things stand with respect to the votes of the jurors. Never inform me that "X" number of jurors are voting one way and "Y" number are voting another way. I also do not want to be informed that a "majority" is voting one way and the "minority" is voting another. You may, if you feel it necessary, inform me that there is disagreement among the jurors, but do not provide me with any further details.

A special verdict form on the amount of punitive damages, if any, awarded has been prepared for your convenience. A verdict form will be provided for each of you to take into the jury room, but the official verdict form is the foreperson's. The verdict form calls only for the amount of punitive damages, if any, unanimously awarded against NATF by the jury.

Once you have reached a unanimous verdict on punitive damages, your foreperson should fill in the verdict form, date and sign it, and inform the court security officer that a verdict has been reached.